439 So.2d 1257 (1983)
Lloyd VAN GEFFEN, Jr., D.D.S.
v.
Frank L. HERBERT, D.D.S.
No. 83-CA-269.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1983.
*1258 Kurt P. Forshag, Metairie, George C. Stringer, Jr., Harahan, for defendant-appellant.
Patrick J. McCabe, Kenner, for plaintiff-appellee.
Before BOUTALL, C.J., and KLIEBERT and DUFRESNE, JJ.
DUFRESNE, Judge.
The only issue to be resolved in this case is whether a lessor acted unreasonably in refusing to permit a sub-lease to an orthodontist of premises which were originally leased solely for the practice of general dentistry. Because we find that the specialized practice of orthodontics is not included in the practice of general dentistry, we hold that the lessor acted reasonably in refusing consent to a sub-lessee whose use of the premises would have been in violation of the use clause of the original lease. We therefore reverse the decision of the trial court.
Dr. Frank Herbert, defendant-appellant and lessor, is the owner of a building which consists of only two dental suites. Until July, 1979, Herbert practiced pedodontics in one of the suites. At that time, he left his practice for teaching, and leased his office to Dr. Lloyd Van Geffen, Jr., plaintiff-appellee. The lease included a clause which restricted the use of the premises solely to the "practice of general dentistry". It also provided that the lessee could sub-let the property only in accordance with the terms of the lease and then only with the written consent of the lessor, which consent would not be unreasonably withheld.
In 1976, Herbert had also entered into a five year lease with Dr. Robert Gaudry, an orthodontist, for the other suite. Pursuant to that lease, Herbert paid for construction of the interior, in accordance with Gaudry's specifications, to make it suitable for an orthodontic practice. The lease also contained a clause specifying that the premises were to be used only for the practice of orthodontics.
In late 1980 and early 1981, Herbert and Gaudry were negotiating for a renewal of the lease which was to expire on July 31, 1981. These negotiations broke down, however, because Herbert insisted on a five year term, and Gaudry refused to be bound for over two years.
Gaudry thereupon approached Van Geffen about the possibility of their sharing Van Geffen's office and splitting the $2,000 per month cost of operating a joint office. These terms being acceptable to both, Van Geffen duly wrote to Herbert seeking his written approval of the sub-lease. Pertinent here is the following paragraph:
In connection with his practice of dentistry Dr. Van Geffen wishes to associate another dentist to assist him. In accordance with the written lease and addendum which are recorded in conveyance book number 960, folio 734, Dr. Van Geffen hereby gives you written notice of his intention to bring in an associate in the practice of dentistry. Such association will begin on or about June 15, 1981.
In response, Herbert granted his consent on condition that the rent be raised some $400 per month. This condition, though not appearing in the written lease held by Van Geffen, had apparently appeared in an unsigned Intent to Lease Agreement between these parties.
*1259 Van Geffen answered that as the $400 increase had never been incorporated into the final written lease, this condition could not be enforced. He also for the first time mentioned that the proposed sub-tenant was Gaudry, an orthodontist.
Herbert answered in turn that he considered the $400 increase binding as an oral agreement, and further that he was withdrawing his consent as to an orthodontist because such a sub-lessee would be in violation of the "general dentistry" use clause of the original lease.
Upon being informed that Herbert had withdrawn his consent, Gaudry abandoned any further efforts to sub-lease, and sought an office elsewhere.
Van Geffen then brought suit against Herbert alleging that his withdrawal of consent as to Gaudry was unreasonable. After trial on the merits, judgment was rendered in favor of Van Geffen. In his reasons for judgment the trial judge determined that as the clause in the Intent to Lease Agreement relating to the $400 per month increase in rent was not contained in the final written lease, it was not enforceable, and a refusal to consent to the sublease in order to exact this increase in rent was unreasonable. He further determined that the term "general dentistry" includes the practice of "orthodontics" and therefore that withdrawal of consent on grounds that the sub-lease would have violated the use clause was equally unreasonable.
Defendant now brings this appeal alleging that the trial court incorrectly determined that the practice of general dentistry includes the specialized practice of orthodontics, and thus erroneously rendered judgment in plaintiff's favor.
Article 1947 of the Civil Code provides that terms of art or technical phrases appearing in contracts are to be interpreted according to their received meaning in the profession or art in question. Applying this principle to the contract of lease before us, we conclude that the practice of general dentistry does not include the specialized practice of orthodontics. Testimony by several expert dental witnesses was uniformly to the effect that an orthodontic specialist cannot practice general dentistry without losing his certification as a specialist. Gaudry testified unequivocally that had he become associated with Van Geffen he had no intention of practicing general dentistry. In light of this unrefuted testimony we can only conclude that a specialist in orthodontics is not engaged in the practice of general dentistry, and that the sub-lease to Gaudry would have violated the use limitation in the original lease.
We also point out that the trial court's determination to the contrary was apparently based on testimony that a general dentist can practice orthodontics, although not as a specialization. While we can appreciate how this fact led him to conclude that orthodontics lies within the field of general dentistry, such a determination actually inverts the proper inquiry here. The question is not whether Van Geffen could practice orthodontics on the premises; it is rather, whether Gaudry would or could have practiced general dentistry as specified in the use clause of the lease. As we have already determined that Gaudry had no intention of practicing general dentistry as an associate of Van Geffen, we conclude that Herbert's withdrawal of his consent to Gaudry as a sub-lessee was reasonable in that such a sub-lease would have violated the explicit use limitation in Van Geffen's lease, i.e. that the premises be used solely for the practice of general dentistry.
We also note that the trial court determined that Herbert had acted in bad faith. Our reading of his reasons for judgment is that this bad faith finding followed from a determination that Herbert had no legitimate interest in enforcing the use clause, but rather belatedly raised this issue when he discovered first that he could probably not exact a higher rent, and second, that the proposed sub-tenant would be lost to him as a direct tenant in the other suite. The evidence, however, does not sustain these findings.
In Van Geffen's first request letter, quoted above, there was no indication that he *1260 intended to bring in an associate not engaged in the practice of general dentistry. On the contrary, the letter specifies that he intended to bring in an associate under the terms of the lease agreement, and Herbert granted his consent on the strength of this representation. Upon discovering the true nature of the sub-lessee, Herbert had the right to insist on compliance with the use clause, and did not act in bad faith in rejecting the orthodontist as a sub-lessee.
As to the loss of Gaudry as a direct tenant, we find no indication in the record that this consideration played any part in Herbert's rejection of Gaudry. The evidence is rather that Herbert had originally paid to have Gaudry's office built for orthodontic practice, and not for other types of dentistry. Specifically, the record shows that an orthodontist uses one large room with several dental chairs, while other types of dentists use individual cubicles with one chair in each. Herbert testified that had he permitted Gaudry to practice as an orthodontist in Van Geffen's office, it would have been difficult to rent Gaudry's old suite to another orthodontist because of direct competition across the hall. He would therefore probably have had to redesign Gaudry's old space at considerable expense to himself. Again, we find no bad faith in Herbert's actions here.
In regard to the $400 increase in rent, we agree with the trial court that this provision is unenforceable because it does not appear in the final written lease agreement between Van Geffen and Herbert, Civ.Code, Art. 2276. Had the loss of this increase been Herbert's primary motive in rejecting Gaudry, we would have agreed that he acted unreasonably. However, as we find that the rejection of Gaudry was based on the use clause, we hold that this rejection was a reasonable exercise of a right provided in the lease.
We finally note that Van Geffen is a dentist and therefore certainly knew the distinction between general dentistry and dental specializations. Moreover, we reiterate that we reject the argument that because a general dentist can practice all specializations, that the use clause therefore did not clearly prohibit use of the premises by any specialist. Had the clause merely restricted the use to "dentistry", we might be inclined to hold otherwise, but as has already been shown, there is a definite distinction made in the dental profession between general dentists and specialists, and it is clearly this distinction which was contemplated by these two dentists in confecting the lease.
For the foregoing reasons, the judgment of the trial court is hereby reversed.
All costs of this appeal are to be paid by the appellee.
REVERSED.